**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEVELT LEFFALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-398 |
| | ) | |
| CITY OF ELSBERRY, MISSOURI, and | ) | **JURY TRIAL DEMANDED** |
| BRANDIN RANEY, *in his individual* | ) | |
| *capacity*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFF'S COMPLAINT**</u>

COMES NOW Plaintiff Levelt Leffall (hereinafter "Plaintiff"), by and through his attorney, and for his Complaint against Defendant City of Elsberry, Missouri (hereinafter "Defendant Elsberry") and Defendant Brandin Rainey (hereinafter "Defendant Raney") and respectfully states to this Honorable Court the following:

1.      This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of Plaintiff's rights and for state law claims against all Defendants.

2.      Plaintiff sues Defendant Raney in his individual capacity.

**JURISDICTION**

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343. The supplemental jurisdiction of this Court to hear and decide claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

**VENUE**

4.      Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

5.      Defendant Elsberry is a political subdivision of the State of Missouri acting under

color of State law, and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

6.      Defendant Raney, at all times relevant herein, was a Elsberry police officer working under the direction and control of Defendant Elsberry.

## COLOR OF STATE LAW

7.      At all relevant times, Defendant Raney acted under color of state law.

8.      Particularly, Defendant Raney acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Missouri, and its political subdivisions.

### Waiver of Sovereign Immunity

9.      Upon information and belief, at the relevant time, Defendant Elsberry had purchased and had in effect a policy of insurance to insure itself against claims or causes of action for damages caused by city employees engaged in government functions, including torts as described herein.

10.      The purchase of that insurance constitutes a waiver of sovereign immunity by Defendant Elsberry[1].

## FACTUAL BACKGROUND

11.      On April 5, 2014, Plaintiff was at his residence with his grandmother at 417 North 4th Street in Elsberry, Missouri.

12.      Plaintiff and the mother of his child, Nicole Tritschler (hereinafter "Tritschler"), were involved in an argument at Plaintiff's residence.

13.      Tritschler subsequently left Plaintiff's residence with the child.

14.      On April 5, 2014, after Tritschler left Plaintiff's residence, Defendant Rainey arrived at Plaintiff's residence at 417 North 4th Street along with a Lincoln County Sheriff Deputy P. Archer (hereinafter "Deputy Archer").

15.      A the back door of Plaintiff's residence, Plaintiff encountered Defendant Raney and

---

[1] RSMo. § 71.180 and/or § 537.610.

Deputy Archer.

16.     Plaintiff exited the back door of his residence.

17.     Defendant Raney told Plaintiff to turn around that Plaintiff was under arrest.

18.     Plaintiff turned around as he was requested and put his hands behind his back so he could be handcuffed.

19.     Defendant Raney handcuffed Plaintiff with his arms behind his back.

20.     Defendant Raney then shoved Plaintiff up against the back door of his residence.

21.     After being shoved up against the back door of his residence, Plaintiff called his grandmother for help.

22.     Defendant Raney then slammed Plaintiff to the ground.

23.     After Plaintiff was on the ground, Defendant Raney struck Plaintiff repeatedly.

24.     After Defendant Raney completed his assault on Plaintiff, he took place to his vehicle and on to the Lincoln County Correctional Facility where he was booked and processed.

25.     Defendant Raney began shoving Plaintiff against his back door to incite an altercation as an excuse to beat Plaintiff, who was accused of domestic violence by Tritschler.

26.     At no time on April 5, 2014 did Plaintiff provoke Defendant Raney.

27.     As a result of Defendant Raney's actions, Plaintiff sustained injuries to his body, including a fractured left elbow.

28.     Plaintiff subsequently filed a Complaint with the Elsberry Police Department (hereinafter "Plaintiff's Internal Affairs Complaint") regarding the actions of Defendant Raney as alleged herein.

29.     The Elsberry Police Department received Plaintiff's Internal Affairs Complaint on April 21, 2014.

3

30.     Plaintiff's Internal Affairs Complaint was assigned Number IA14-001 by the Elsberry Police Department.

31.     The Elsberry Police Department never investigated Plaintiff's Internal Affairs Complaint.

32.     Since lodging Plaintiff's Internal Affairs Complaint, Plaintiff has not been contacted by anyone from the Elsberry Police Department regarding said Complaint.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE**
**42 U.S.C. § 1983 AND FOURTH AMENDMENT**
**AGAINST DEFENDANT BRANDIN RANEY**
**FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES**
**AND ATTORNEY'S FEES**

33.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

34.     Defendant Raney used excessive and unreasonable force when he slammed Plaintiff to the ground and struck Plaintiff repeatedly.

35.     The right to be free from excessive force is clearly established[2].

36.     At the time of the use of excessive force by Defendant Raney, Plaintiff had not committed a serious crime.

37.     At the time of the use of excessive force by Defendant Raney, Plaintiff presented no threat to the safety of the officers or others.

38.     At the time of the use of excessive force by Defendant Raney, Plaintiff was not actively resisting arrest.

39.     At the time of the use of excessive force by Defendant Raney, Plaintiff was not attempting to evade arrest by flight[3].

40.     Defendant Raney used greater force than was necessary in light of the facts and

---

[2] Howard v. Kansas City Police Dept., 570 F.3d 984, 991 (8th Cir. 2009).
[3] Kukla v. Hulm, 310 F.3d 1046, 1050 (8th Cir. 2002).

4

circumstances confronting him[4].

41.     Defendant Raney acted in a manner, which was objectively unreasonable.

42.     A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances[5].

43.     This case is not in a "hazy border", but is unequivocal[6].

44.     The actions of Defendant Raney violated Plaintiff's civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be safe from the use of excessive force[7].

## Compensatory Damages

45.     Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant Raney, in his individual capacity.

## Punitive Damages

46.     Defendant Raney's actions against Plaintiff were reckless.

47.     Defendant Raney's actions against Plaintiff showed callous indifference toward the rights of Plaintiff.

48.     Defendant Raney's actions against Plaintiff were taken in the face of a perceived risk that the actions would violate federal law.

49.     Plaintiff is entitled to an award of punitive damages against Defendant Raney, in his individual capacity, in order to punish him and to deter others.

## Attorney's Fees

50.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

---

[4] Id.
[5] Rahn v. Hawkins, 2006 WL 2707643 (8th Cir. 2006).
[6] Saucier v. Katz, 533 U.S. 194, 206 (2001).
[7] McGruder v. Heagwood, 197 F.3d 918, 919 (8th Cir. 1999).

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Brandin Raney in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiff prays for such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT II**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT AGAINST**
**DEFENDANT CITY OF ELSBERRY, MISSOURI**
**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

51.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

**Compensatory Damages**

**1st Basis of Municipal Liability**

**Delegation to Defendant Raney**

52.     As the first basis for liability against Defendant City of Elsberry, the policy maker for Defendant City of Elsberry is an aldermanic board, the mayor, or someone else, and that person delegated full authority and/or empowered Defendant Raney to make policy.

53.     The delegation of authority by the actual policy maker of Defendant City of Elsberry placed Defendant Raney in a policy making position, and acts of Defendant City of Elsberry to liability for the constitutional violations committed by Defendant Raney.

**2nd Basis of Municipal Liability – Failure to Train, Supervise, Control**

54.     As the second basis for liability against Defendant City of Elsberry, Defendant City of Elsberry failed to properly hire, train, supervise, control and/or discipline Defendant Raney.

55.     Defendant City of Elsberry was thus deliberately indifferent to the rights of others in adopting its hiring and training practices, and in failing to supervise, control and/or discipline Defendant Raney, such that those failures reflected a deliberate or conscious choice by Defendant

6

City of Elsberry[8].

56.    Those deficiencies caused Plaintiff damages[9].

57.    In light of the fact that it was Defendant Raney who engaged in the constitutional violations, the need to correct deficiencies is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of Defendant City of Elsberry can reasonably be said to have been deliberately indifferent to the need[10].

58.    If Defendant City of Elsberry had properly hired, trained, supervised, controlled and/or disciplined Defendant Raney, the constitutional violations committed by Defendant Raney would not have occurred.

59.    These failures by Defendant City of Elsberry to hire, train, supervise, control and/or discipline Defendant Raney subject Defendant City of Elsberry to liability for the constitutional violations committed by Defendant Raney.

### 3rd Basis of Municipal Liability – Pattern of Transgressions

60.    As the third basis for liability against Defendant City of Elsberry, the acts of Defendant Raney were part of a pattern of transgressions, of which Defendant City of Elsberry knew or should have known.

61.    The failure of Defendant City of Elsberry to act proactively to prevent such a pattern of transgressions, and particularly to prevent the constitutional violations outlined herein, establishes the policy of Defendant City of Elsberry to condone or otherwise tolerate such constitutional violations.

62.    Defendant City of Elsberry thus had a "policy or custom" of failing to act upon prior similar complaints of unconstitutional conduct, of which they knew or should have known, which caused the constitutional injuries at issue.

[8] City of Canton v. Harris, 489 U.S. 378, 389 (1989).
[9] Larson By Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir. 1996).
[10] Andrews v. Fowler, 98 F.3d 1069, 1076 (8th Cir. 1996).

63.     There was a prior pattern of unconstitutional conduct so "persistent and widespread" as to have the effect and force of law[11].

64.     Defendant City of Elsberry's failure amounted to deliberate indifference to the rights of persons with whom Defendant Raney came in contact, particularly including Plaintiff.

65.     Those failures by Defendant City of Elsberry to act proactively to prevent these constitutional violations subject Defendant City of Elsberry to liability for the constitutional violations committed by Defendant Raney.

66.     Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of Elsberry.

**Attorney's Fees**

67.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Elsberry, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

**COUNT III**
**VIOLATION OF CIVIL RIGHTS**
**42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST**
**DEFENDANT CITY OF ELSBERRY, MISSOURI**
**FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES**

68.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

69.     At all relevant times Defendant Raney was serving as an employee of Defendant City of Elsberry as a police officer.

---

[11] Andrews v. Fowler, 98 F.3d 1069, 1074-75 (8th Cir. 1996), *citing* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978).

70.     At all relevant times Defendant Raney was engaging in a government function.

71.     At all relevant times Defendant Raney was acting within the course and scope of that employment.

72.     Defendant City of Elsberry is liable under a theory of *respondeat superior*[12].

73.     The actions of Defendant Raney caused Plaintiff to suffer the damages outlined herein.

## Compensatory Damages

74.     Under 42 U.S.C. § 1983, Plaintiff is entitled to an award of compensatory damages against Defendant City of Elsberry.

## Attorney's Fees

75.     Under 42 U.S.C. § 1988, if Plaintiff is the prevailing party in this litigation, then he will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiff prays for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Elsberry, Missouri for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

## SUPPLEMENTAL MISSOURI STATE CLAIMS

### COUNT IV
### ASSAULT
### AGAINST DEFENDANT BRANDIN RANEY
### FOR COMPENSATORY AND PUNITIVE DAMAGES, AND
### AGAINST DEFENDANT CITY OF ELSBERRY, MISSOURI
### FOR COMPENSATORY DAMAGES ONLY

76.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

77.     Defendant Raney's slamming Plaintiff to the ground and striking Plaintiff repeatedly

---

[12] Plaintiff makes this claim based on the dissent of Justice Breyer in Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 416 (1997).

constituted an assault[13].

78.     Defendant Raney's slamming Plaintiff to the ground and striking Plaintiff repeatedly was unlawful and unjustified.

79.     Defendant Raney had the apparent present ability to injure Plaintiff and to complete the assault (and did in fact injure Plaintiff).

80.     Plaintiff sustained damages as a result of the assault[14].

81.     Plaintiff is entitled to compensatory and punitive damages for assault against Defendant Raney.

82.     At the time of the assault of Plaintiff, Defendant Raney was ostensibly acting (even though improperly) to benefit his employer's policing function.

83.     Defendant Raney's actions were therefore within the scope of his employment.

84.     Defendant City of Elsberry is therefore liable under a theory of *respondeat superior*[15].

WHEREFORE, Plaintiff prays for judgment for assault against Defendant Brandin Raney in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for assault against Defendant City of Elsberry, Missouri under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the circumstances.

---

[13] Armoneit v. Ezell, 59 S.W.3d 628, 632 (Mo. Ct. App. 2001).
[14] Hall v. Martindale, 166 S.W.2d 594 (Mo. App. 1942).
[15] Clark v. Skaggs Companies, Inc., 724 S.W.2d 545, 550 (Mo. App. 1986).

## COUNT V
## BATTERY
## AGAINST DEFENDANT BRANDIN RANEY
## FOR COMPENSATORY AND PUNITIVE DAMAGES, AND
## AGAINST DEFENDANT CITY OF ELSBERRY, MISSOURI
## FOR COMPENSATORY DAMAGES ONLY

85.     Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

86.     Defendant Raney's slamming Plaintiff to the ground and striking Plaintiff repeatedly constituted battery[16].

87.     Defendant Raney's slamming Plaintiff to the ground and striking Plaintiff repeatedly was unlawful and unjustified.

88.     Plaintiff sustained damages as a result of the battery[17].

89.     Plaintiff is entitled to compensatory and punitive damages for battery against Defendant Raney.

90.     At the time of the battery of Plaintiff, Defendant Raney was ostensibly acting (even though improperly) to benefit his employer's policing function.

91.     Defendant Raney's actions were therefore within the scope of his employment.

92.     Defendant City of Elsberry is therefore liable under a theory of *respondeat superior*[18].

WHEREFORE, Plaintiff prays for judgment for battery against Defendant Brandin Raney in his individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages and for costs, and prays for judgment for battery against Defendant City of Elsberry, Missouri under a theory of *respondeat superior* for compensatory damages in a fair and reasonable amount and Plaintiff prays for such other relief this Court deems just and proper under the

---

[16] <u>Armoneit</u>, 59 S.W.3d at 632.
[17] <u>Hall v. Martindale</u>, 166 S.W.2d 594 (Mo. App. 1942).
[18] <u>Clark v. Skaggs Companies, Inc.</u>, 724 S.W.2d 545, 550 (Mo. App. 1986).

circumstances.

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
   James W. Schottel, Jr. #51285MO
   906 Olive St., PH
   St. Louis, MO 63101
   (314) 421-0350
   (314) 421-4060 facsimile
   jwsj@schotteljustice.com

   Attorney for Plaintiff
   Levelt Leffall